UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-CR-127 (ABJ) |
| | : | |
| JOSHUA BLACK, | : | |
| | : | |
| *Defendant.* | : | |

**JOINT REQUEST TO AMEND PROPOSED JURY INSTRUCTION 23 (COUNT FIVE)**

The United States of America and the defendant Joshua Black, by and through their counsel, hereby jointly propose the following amended jury instruction with respect to Count Five (proposed jury instruction 23, ECF 61-2, p. 18). The parties jointly request that the Elements section of Count Five read as follows:

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First:* The defendant entered or remained on the floor of either House of Congress, or in any cloakroom or lobby adjacent to that floor, without lawful authority to do so.

*Second:* The defendant acted willfully and knowingly.

That is, the parties request that the first element include the added phrase, "without lawful authority to do so."

In support of this request, the government submits the following:

Title 40, United States Code, Section 5104(e)(2)(A) makes it unlawful for any individual to willfully and knowingly "enter or remain on the floor of either House of Congress or in any cloakroom or lobby adjacent to that floor,…unless authorized to do so pursuant to rules adopted,

or an authorization given, by that House[.]" At the pretrial conference on December 20, 2022, undersigned counsel reported to the Court her mistaken understanding that this is the first January 6 case to proceed to trial charging this subsection. In fact, as the undersigned discovered later that afternoon while conducting further research, *United States v. Larry Brock*, 21-cr-140 (JDB), involved the same charge and proceeded to a bench trial on November 14, 2022. Undersigned counsel greatly regrets this error and apologizes to the Court for her oversight.

While no jury instructions were issued in *Brock*, the government did submit proposed jury instructions (before the defendant filed a jury waiver and opted to proceed via bench trial). Those instructions included a recitation of the elements of Section 5104(e)(2)(A) as follows: "First, that the defendant entered or remained on the floor of a House of Congress without authorization to do so. Second, that the defendant acted willfully and knowingly." *Brock*, 21-cr-140, ECF 65, at 32. No defense response is found on the docket. After the Court ordered that the jury trial would be converted to a bench trial, the government filed a trial brief in which it set for the elements using the same language. *Id.*, ECF 68, at 11-12. Judge Bates adopted those elements in *Brock*, adjudicating the defendant guilty. *Id.*, Nov. 16, 2022 hearing transcript, at 22-23 (finding, consistent with government recommendation, that the elements included proof that "the defendant entered or remained on the [Senate floor] without authorization to do so"). In this case, the parties have agreed to recommend a similar set of instructions.

The government notes, however, that the final clause of the first element, "without authorization to do so," may not be legally required and need not be the default jury instruction in any future case charging Section 5104(e)(2)(A). The statute's exception, permitting someone who was otherwise engaging in conduct that violated Section 5104(e)(1)(A) to claim that his or her conduct was in fact "authorized" and therefore not criminal, arguably does not set forth an essential element of the crime. Rather, this provides the defendant with an affirmative defense that one

2

might raise under circumstances where the exception could apply. That is similar to not instructing the jury that a defendant had a good-faith belief that he or she was had lawful authority to enter a place unless the defendant adduces sufficient evidence to warrant such an instruction. *See Darab v. United States*, 623 A.2d 127, 136 (D.C. 1993).

In *McKelvey v. United States*, the Supreme Court held that a statute prohibiting conduct and also providing an exception to that prohibition does not place a burden on the government to prove the absence of the exception. 260 U.S. 353 357 (1922) ("an indictment…founded on a general provision defining the elements of an offense…need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere."). Thus, under the statue reviewed in *McKelvey*, the government had to allege (and prove) that the defendants prevented others from accessing public land, but was not required to allege (or prove) that the defendants had not in good faith occupied or claimed title to that land. *Id.* Instead, *McKelvey* found it is a defendant's burden to establish that he falls within the exception set forth in the statute. *Id.* ("it is incumbent on one who relies on such an exception to set it up and establish it"). Decades later, the D.C. Circuit, citing *McKelvey*, affirmed a conviction where the evidence at trial included no proof that the defendant did *not* fall within the operative statute's exception, noting that burden lies with the defendant. *Smith v. United States*, 269 F.2d 217, 218 (D.C. Cir. 1959) (affirming conviction for selling cigarettes that contained "Cannabis sativa" without further specification, even where statute provided a list of "Cannabis sativa" parts that were exempt from the statute's prohibition).

In this case, however, the Court need not decide whether the lack of authorization is an essential element of the crime. In an effort to streamline the trial and avoid unnecessary disputes, the government is prepared to compromise, and will prove that the defendant entered the floor of the Senate, and the lobby adjacent to that floor, without authorization to do so.

Accordingly, the parties respectfully revise the joint request for Jury Instruction 23. Counsel for the defendant has reviewed this supplement and joins in the request.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Emily W. Allen*
      EMILY ALLEN, Cal. Bar No. 234961
      ERIC BOYLAN
      Assistant United States Attorneys

      SETH ADAM MEINERO
      Trial Attorney (Detailee)

      601 D Street, NW
      Washington, D.C. 20530
      emily.allen@usdoj.gov