UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. Action No. 21-0127 (ABJ) |
| JOSHUA MATTHEW BLACK, | ) ) ) | |
| Defendant. | ) ) | |

**ELEMENTS OF THE OFFENSES INSTRUCTIONS**

Upon review of the parties' jointly proposed jury instructions, the trial will proceed based upon the following instructions setting forth the elements of the offenses. The elements were largely agreed upon and the few objections have been resolved in the version below.

Proposed Instruction No. 19

**COUNT ONE**
**Obstruction of an Official Proceeding and Aiding and Abetting[1]**
**(Violation of 18 U.S.C. §§ 1512(c)(2) and 2)**

Count One of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law. Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.

---

[1] 18 U.S.C. § 1512(c)(2). For other January 6 trials that have used this instruction, see *United States v. Williams*, No. 21-cr-618 (ABJ) (ECF 122 at 28), *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 11-12), *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF 119 at 25), *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 7), *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF 84 at 24), *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 7), and *United States v. Jensen*, No. 21-cr-6 (TFK) (ECF 97 at 24).

The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

### Elements

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First:*  The defendant attempted to or did obstruct or impede an official proceeding.

*Second:*  The defendant intended to obstruct or impede the official proceeding.

*Third:*  The defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

*Fourth:*  The defendant acted corruptly.

### Definitions

For the first element, the law defines the term "official proceeding" to mean, among other things, a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.[2]

---

2   For the definition of "official proceeding": 18 U.S.C. § 1515(a)(1)(B); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1).

For the assertion that the proceeding need not be pending: 18 U.S.C. § 1512(f)(1).

For the nexus requirement (that the official proceeding be reasonably foreseeable): *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *12 (D.D.C. Dec. 10, 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at §§ 1512 & 1515(a)(1).

The word "attempt" in the first element means that the defendant had the intent to do the act and took a substantial step towards completing it. In connection with that, it would not be enough to show merely that the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out his intent. If you find either that the defendant knowingly committed the act or attempted to commit it, the first element is satisfied.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.[3]

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing,"

---

[3] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 4.10 ("Definition of Knowingly"); see also Third Circuit Model Jury Instruction, Criminal, 5.02 ("Knowingly")).

which means with an understanding or awareness that what the person is doing is wrong or unlawful.[4]

**Aiding and Abetting**[5]

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

*First:* That others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

---

4 The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Gordon*, 710 F.3d1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *11- 13 (D.D.C. Dec. 10, 2021); *United States v. Caldwell*, No. 21-cr-28 (APM), 2021 WL 6062718, at *11 (D.D.C. Dec. 20, 2021); *United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591, at *19-21 (D.D.C. Dec. 28, 2021); *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *10-11 (D.D.C. Dec. 28, 2021); *United States v. Lonich*, No. 18-10298, 2022 WL 90881, at *18 (9th Cir. Jan. 10, 2022).

5 Redbook 3.200; 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

*Second:*  The defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

*Third:*  The defendant performed an act or acts in furtherance of the offense.

*Fourth:*  The defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

*Fifth:*  The defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not

find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

Proposed Instruction No. 20

## COUNT TWO
### Entering or Remaining in a Restricted Building or Grounds With a Deadly or Dangerous Weapon[6]
### (Violation of 18 U.S.C. §§ 1752(a)(1), (b)(1)(A))

Count Two of the indictment charges the defendant with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First:*   The defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second:*   The defendant did so knowingly.

*Third:*   The defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

**Definitions**

The term "knowingly" has the same meaning as in the instruction for Count One.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting. The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.[7]

---

6   18 U.S.C. §§ 1752(a)(1), (b)(1)(A); *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021); *United States v. Jensen*, 21-cr-6 (TJK) (ECF 97 at 34).

7   18 U.S.C. § 1752(c); 18 U.S.C. § 3056.

Regarding the term "deadly or dangerous weapon," whether the object specified in the indictment, that is, a knife, is a deadly or dangerous weapon depends on the facts of the particular case. It is for you to decide, on the facts of this case, whether the knife allegedly carried by the defendant was, in fact, a deadly or dangerous weapon.

An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. The defendant need not have actually used the object in that manner.[8]

**Lesser Included Offense**

In order to find the defendant guilty of entering or remaining in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First:*   The defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second:*   The defendant did so knowingly.

---

[8]   Seventh Circuit Pattern Criminal Jury Instructions; *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002); *United States v. Chansley,* No. 21-CR-3 (RCL), 525 F.Supp.3d 151, 158 (D.D.C. Mar. 8, 2021); *United States v. Jensen,* No. 21-CR-6 (TJK) (ECF 97 at 36).

Proposed Instruction No. 21

## COUNT THREE
## Disorderly or Disruptive Conduct in a Restricted Building or Grounds
## With a Deadly or Dangerous Weapon
## (Violation of 18 U.S.C. §§ 1752(a)(2), (b)(1)(A))

Count Three of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First:* The defendant engaged in disorderly or disruptive conduct in any restricted building or grounds.

*Second:* The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third:* The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

*Fourth:* The defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

**Definitions**

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[9]

---

9    Redbook 6.643.

The term "restricted building or grounds" has the same meaning as in the instruction for Count Two.

The term "knowingly" has the same meaning as in the instruction for Count One.

The term "deadly or dangerous weapon" has the same meaning as in the instruction for Count Two.

**Lesser Included Offense**

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First:*  The defendant engaged in disorderly or disruptive conduct in any restricted building or grounds.

*Second:*  The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third:*  The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Proposed Instruction No. 22

## COUNT FOUR

**Unlawful Possession of a Dangerous Weapon on Capitol Grounds or Buildings
(Violation of 40 U.S.C. § 5104(e)(1)(A)(i))**

Count Four of the indictment charges the defendant with unlawful possession of a dangerous weapon on Capitol Grounds or Buildings.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First:*  The defendant knowingly entered the Capitol Grounds or any of the Capitol Buildings.

*Second:*  While he was on the Capitol Grounds or any of the Capitol Buildings, the defendant knowingly carried or had readily accessible to himself a dangerous weapon.

**Definitions**

The term "Capitol Grounds" comprises all squares, reservations, streets, roadways, walks, and other areas as depicted in Government's Exhibit 913.

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[10]

The term "dangerous weapon" is defined as including "a knife having a blade over three inches in length."[11] [NOTE: The Court may permit further briefing as to whether the knife seized

---

10  40 U.S.C. §§ 5101, 5102.

11  The term "blade" is defined in *People v. Sito*, 994 N.E.2d 624, 630–31 (Ill. App. 2013); *Perez v. State*, No. 05-98-01288-CR, 1999 WL 521705, at *2 (Tex. App. July 23, 1999); *McMurrough v. State*, 995 S.W.2d 944, 946 (Tex. App. 1999); *United States v. Deisher*, 32 M.J. 579, 580 (A.F.C.M.R. 1990); *Rainer v. State*, 763 S.W.2d 615, 616 (Tex. App. 1989); *see also* American Knife and Tool Institute (AKTI), *AKTI Protocol for Measuring Blade Length* (effective

11

in this case qualifies at the close of the government's case, but no further explanation is necessary for purposes of the instruction, as the language in the instruction is taken directly from the statute.]

---

Jan. 1, 2005) ("Where a statute, regulation or ordinance refers to knife blade length, the measurement shall be the straight line extending from the tip of the blade to the forward-most aspect of the hilt or handle[.]"), *available at* https://www.akti.org/resources/akti-protocol-for-measuring-knife-blade-length/ (last visited Nov. 29, 2022).  *But see Bradvica v. State,* 760 P.2d 139, 141 (Nev. 1988) ("Strictly construing the statute, we hold that the "blade" of such a knife is that portion which is customarily sharpened from the tip of the knife to the tang, or the unsharpened extension of the blade which forms the hinge connecting the blade to the handle"); and *In re Rosalio S.,* 35 Cal. App. 4th 775, 779 (1995) ("[I]n keeping with the ordinary meaning interpretation of the term "blade," that is, "the cutting part of an instrument," court held "'blade' includes only the sharpened portion of the knife").

Proposed Instruction No. 23

## COUNT FIVE
## Entering or Remaining on the Floor of Congress
## (Violation of 40 U.S.C. § 5104(e)(2)(A))

Count Five of the indictment charges the defendant with entering or remaining on the floor of Congress.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First:*   The defendant entered or remained on the floor of either House of Congress, or in any cloakroom or lobby adjacent to that floor, without lawful authority to do so.

*Second:*   The defendant acted willfully and knowingly.

**Definitions**

The term "House of Congress" means the United States Senate or the United States House of Representatives.

A defendant acts "willfully" if he knew his conduct was unlawful and intended to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law, nor does it require proof that the defendant be aware of the specific law or rule that his conduct may be violating. [12]

The term "knowingly" has the same meaning as in the instruction for Count One.

---

12   Third Circuit Model Jury Instruction, Criminal, 5.05 ("Willfully"); *United States v. Bryan*, 524 U.S. 184, 190 (1998); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122, at 42).

Proposed Instruction No. 24

## COUNT SIX
## Disorderly Conduct in a Capitol Building
## (Violation of 40 U.S.C. § 5104(e)(2)(D))

Count Six of the indictment charges the defendant with disorderly conduct in a Capitol building.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First:*  That the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

*Second:*  That the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

*Third:*  That the defendant acted willfully and knowingly.

**Definitions**

The term "disorderly or disruptive conduct" has the same meaning as in the instruction for Count Three.

The term "United States Capitol Buildings" has the same meaning as in the instruction for Count Four.

The term "House of Congress" has the same meaning as in the instruction for Count Five.

The term "willfully" has the same meaning as in the instruction for Count Five.

The term "knowingly" has the same meaning as in the instruction for Count One.