UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-CR-127 (ABJ) |
| | : | |
| JOSHUA BLACK, | : | |
| | : | |
| *Defendant.* | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF
PROPOSED INSTRUCTION AS TO COUNT FOUR**

The United States of America, by and through the United States Attorney for the District of Columbia, hereby responds to the Court's order permitting additional briefing (*see* ECF 70 at 11-12) and submits this supplemental memorandum in support of its proposed instruction setting forth the elements of Count Four.

In determining whether the defendant, Joshua Black, has violated 40 U.S.C. § 5104(e)(1)(A)(i) as alleged in Count Four of the Superseding Indictment, the Court should measure the length of the blade of Black's knife in accordance with the government's proposed jury instruction:

> The term "blade" means the metal portion of the knife extending from the forwardmost part of the hilt, or handle, to the tip of that metal portion. In determining the length of the blade, the knife should be measured in a straight line from the forwardmost part of the hilt to its tip.

ECF 61-2, Joint Proposed Jury Instructions, at 16-17.

## I. BACKGROUND

Evidence to be presented at trial will establish beyond a reasonable doubt that, while present in the United States Capitol building on January 6, 2021, Black carried with him the knife that is Government's Exhibit 200 and is depicted in the image that is Government's Exhibit 205.A.



**Government's Exhibit 205.A**

Count Four of the Superseding Indictment charges Black with Unlawful Possession of a Dangerous Weapon on Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(1)(A)(i). (ECF 59.)

Section 5104(e)(1)(A)(i) states that an individual "may not carry on or have readily accessible to any individual on the Grounds or in any Capitol Buildings a firearm, a dangerous weapon, explosives, or an incendiary device(.)" Section 5104(a)(2)(B) further defines a "dangerous weapon" as, in relevant part, a "a dagger, a dirk, a stiletto, and *a knife having a blade*

*over three inches in length*" (emphasis added). The statute does not further describe or define the term "blade."

In considering whether Black violated the statute, the Court must determine the length of the knife blade he possessed, and whether the blade is over three inches in length. In doing so, the Court should measure the entire length of the knife's blade, including the unsharpened portion of the metal blade forward of the handle, and should not limit the blade measurement to only the sharpened, cutting edge.

## II.  ANALYSIS

**A.**     **A prominent lay authority on knives requires measuring the entire blade.**

In addition to the relevant caselaw cited below, an important lay authority on knives has promulgated a definitive method for measuring blade lengths in connection with statutes. The American Knife and Tool Institute, a non-profit organization representing the knife industry and knife users, promulgates its *Protocol for Measuring Knife Blade Length*, which requires the entire length of the blade to be measured:

> Where a statute, regulation or ordinance refers to knife blade length, the measurement shall be the straight line extending from the tip of the blade to the forward-most aspect of the hilt or handle.

American Knife and Tool Institute (AKTI), *AKTI Protocol for Measuring Blade Length* (effective Jan. 1, 2005), available at https://www.akti.org/resources/akti-protocol-for-measuring-knife-blade-length/ (last visited Nov. 29, 2022).



[1]

Because of the American Knife and Tool Institute's expertise in the knife industry and the *AKTI Protocol for Measuring Blade Length*'s clear articulation of the blade-length measurement, the government based its proposed jury instruction on this protocol and encourages the Court to use it when measuring the knife in this case.

**B.     Most courts to have considered the issue have held that the entire length of the blade should be measured, not only the cutting edge.**

The government has been unable to locate relevant *federal* caselaw directly addressing the meaning of the term "blade" as it is used in 40 U.S.C. § 5104, however, several decisions from other courts address similar or identical issues in interpreting other statutes that prohibit possession of certain knives based on their lengths.[2] Those decisions follow similar lines of reasoning and all

---

[1] Image provided for illustrative purposes. Available at https://healthykitchen101.com/blog/parts-of-a-knife/.

[2] *See People v. Sito*, 994 N.E.2d 624, 630–31 (Ill. App. 2013); *Perez v. State*, No. 05-98-01288-CR, 1999 WL 521705, at *2 (Tex. App. July 23, 1999); *McMurrough v. State*, 995 S.W.2d 944, 946 (Tex. App. 1999); *United States v. Deisher*, 32 M.J. 579, 580 (A.F.C.M.R. 1990); *Rainer v. State*, 763 S.W.2d 615, 616 (Tex. App. 1989).

arrive at the same conclusion: the entire length of the blade should be measured, not only the cutting edge.

**1.      The Court should measure the entire blade because the entire blade would penetrate a body if the knife were used to stab someone.**

Multiple courts have held that the blade length measurement should include the entire blade because the entire blade would penetrate a body if the knife were used for stabbing. *See Sito* at 630 (holding that the measurement should include "the entire portion of a knife that could penetrate a body after an initial incision was created by the sharpened edge."); *see also Deisher* at 579 (holding that the term "blade" constitutes the entire portion of the knife that extends from the handle to the tip of the blade in part because "if the knife were thrust into a person, it would penetrate about three and one-half inches because it would not stop until the arms at the base of the handle reached the victim's skin.").

In this case, the unsharpened portion of the metal blade that extends beyond the knife's handle should be included in the blade-length measurement because it has the potential to injure a victim. The knife Black carried with him in the Capitol building has an unsharpened portion that extends between the handle and the sharpened portion of the blade. If the knife were used to stab a person, that portion could penetrate the body of a potential victim. It adds to the potential danger the knife as a whole poses to potential victims and should be included in the portion of the weapon measured as part of the blade.

**2.      To give the statute its proper meaning and fulfil Congress's intent to prohibit stabbing weapons, the Court should measure the entire blade.**

At least one other court also has assessed the other items in a statute's list of prohibited weapons to determine that a knife'e entire blade length should be measured. *See Sito* at 630 (holding that the knife's entire blade length should be measured because the statute at issue banned

5

any "dagger, dirk, switchblade knife, stiletto, axe, hatchet, or other deadly or dangerous weapon or instrument of like character," thus evidencing the legislature's concern with weapons posing a threat of both cutting and stabbing.") The court in *Sito* held that, because the other items banned by the statute were capable of stabbing, the entire portion of the knife at issue capable of stabbing should be banned, and thus should be measured. *Id.*

In drafting 40 U.S.C. § 5104, Congress expressed concern not only with cutting instruments but, as evidenced by the other weapons on the statute's list of prohibited items, stabbing instruments as well. The statute defines as dangerous weapons "a dagger, a dirk, a stiletto…" 40 U.S.C. § 5104(a)(2)(B). Each of those items is a weapon capable of stabbing as well as cutting. It follows that the entire portion of a weapon that poses such a danger should be prohibited. To give the statute its proper meaning, blades of knives should be measured to also include the portion of the weapon capable of stabbing, not merely the cutting edge.

   **3.   The plain meaning of the term "blade" includes the entire metal portion of the knife beyond the handle.**

Several courts have held that the term "blade" is not ambiguous, and its plain meaning includes the entire metal portion of the knife beyond the handle. *See e.g.*, *Perez* at *2 ("Any ordinary person exercising common sense would be on notice that a blade includes that portion of a knife between the handle and the sharpened portion of the blade."); *Deisher* at 579 (relying on argument that "in common everyday experience the entire metal portion which extends beyond the hilt, including both the sharpened and the unsharpened portion, is called the blade of the knife.").

Other courts arrive at similar conclusions, and rely on dictionary definitions. *See Rainer* at 616 ("The dictionary definition of 'blade' distinguishes the 'cutting part' of a knife from the handle or holding part of a knife. Blade is not defined as the 'sharpened' part of the instrument.");

*McMurrough* at 946 ("'Blade' is defined as '[t]he flat-edged cutting part of a sharpened tool or weapon.' THE AMERICAN HERITAGE DICTIONARY 185 (2d ed.1985). The common meaning merely distinguishes the cutting part of a knife from the handle.").

Whether based on a common understanding or a dictionary definition, the meaning of the term "blade" includes the entire metal portion extending beyond the handle, and the knife in this case should be measured accordingly.

**C.**     **The few conflicting cases are distinguishable.**

The government has been able to find just two cases holding that the proper method of blade measurement is to measure only the cutting edge, as opposed to measuring the entire metal portion beyond the handle. *See Bradvica v. State*, 760 P.2d 139 (Nev. 1988), *In re Rosalio S.,* 35. Cal. App. 4th 775 (1995). Those cases, however, are distinguishable.

In *Bradvica*, the Supreme Court of Nevada interpreted a Nevada state statute defining "switchblade" as a "knife with a spring-blade or snap-blade two or more inches long that is released automatically by a release mechanism." *Bradvica* at 141. The court relied in part on a dictionary definition of the word "blade" that defined the term as "the cutting part of an instrument" and held that only the sharpened portion of the knife should be measured. *Id.* Similarly, in *Rosalio*, an intermediate California appeals court also limited the definition of "blade" to only the sharpened portion of the instrument. *Rosalio* at 780-81.

Applying the reasoning in *Bradvica* and *Rosalio* to this case would unnecessarily and improperly limit the scope of the statute at issue. The Court in *Rosalio* entirely disregarded the knife's capacity for stabbing, holding that "there is no evidence the knife he possessed was 'primarily designed, constructed or altered to be a stabbing instrument....'" *Rosalio* at 781. In this

case, because of Black's knife's shape and proportions, the knife's capacity to be used as a stabbing instrument is readily apparent.

The Court in *Bradvica* engaged in a less fulsome analysis, but relied on a dictionary definition of the term "blade" in determining that the blade of a knife is that portion which is customarily sharpened. *Bradvica* at 478. That analysis stands in contrast to at least two other courts (in the *Rainer* and *McMurrough* cases, *supra*) that relied on dictionary definitions and held that the term blade includes the entire metal portion extending from the hande. *See also Sito* at 630 (distinguishing *Bradvica* and *Rosalio*, and holding that the entire blade length should be measured.)

## **CONCLUSION**

WHEREFORE, the United States respectfully requests that the Court measure the length of the blade of Black's knife in accordance with the government's proposed jury instruction.

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          United States Attorney
                                          D.C. Bar No. 481052

By:                            /s/ *Eric W. Boylan*
                                          ERIC W. BOYLAN
                                          Assistant United States Attorney
                                          Texas Bar No. 24105519

                                          /s/ *Seth Adam Meinero*
                                          SETH ADAM MEINERO
                                          Trial Attorney (Detailee)
                                          District of Columbia Bar No. 976587

                                          /s/ *Emily Allen*
                                          EMILY ALLEN

Assistant United States Attorney
California Bar No. 234961


United States Attorney's Office
 for the District of Columbia
United States Department of Justice


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 8, 2023, I served a copy of this pleading on all parties to this matter as indicated in the Court's electronic case files system.

/s/ *Eric W. Boylan*
ERIC W. BOYLAN
Assistant United States Attorney